UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES KAINRATH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:11-cv-00878 |
| v. ) | |
| ) | |
| SOUTH STICKNEY SANITARY ) | Judge John W. Darrah |
| DISTRICT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, James Kainrath, brought suit against Defendant, South Stickney Sanitary District ("South Stickney"), pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging violations of his rights under the First Amendment (Count I), Fourteenth Amendment (Count II), the Employee Retirement Income Security Act (Count III), and the Illinois Workers' Compensation Act (Count IV). Before the Court is Defendant's Motion to Dismiss Count I and Count II.

### BACKGROUND

The following facts are accepted as true for the purposes of the Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).

Prior to January 14, 2009, Plaintiff, James Kainrath, was an employee of South Stickney. On January 14, 2009, Kainrath received a letter from Jeffrey Wells, the Superintendent of South Stickney, terminating his employment. Then, on January 23, 2009, Kainrath was informed by Wells that the South Stickney Board of Trustees had granted his request for a hearing on the termination of his employment.

On February 5, 2009, the South Stickney Board of Trustees (the "Board") held a hearing regarding the termination of Kainrath's employment. At the hearing, Kainrath's attorney requested that the hearing be delayed in order to prepare and present evidence on Kainrath's behalf. The Board of Trustees denied his request. A week later, on February 12, 2009, the Board rendered a decision upholding Kainrath's termination.

In Count I, Kainrath alleges that his First Amendment rights were violated because his termination was in retaliation of a political dispute between his father, Frank Kainrath, and Wells. In Count II, Kainrath alleges that he has a property interest in his employment, that he was not provided an adequate opportunity to be heard, and that he was terminated unreasonably, arbitrarily, and capriciously in violation of the Fourteenth Amendment.

## LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone*, 483 F.3d 454, 458 (7th Cir. 2007) (*Christensen*). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed in the plaintiff's favor. *Id.* However, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the

2

misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*Iqbal*). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* When "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," the court can dismiss the action. *Christensen*, 483 F.3d at 458 (citing *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000)).

*First Amendment Claim, 42 U.S.C. § 1983 (Count I)*

South Stickney argues that Kainrath's First Amendment claim is barred by the statute of limitations and fails to state a claim. The parties agree that Kainrath's Section 1983 claim is governed by a two-year statute of limitations. *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007); *see also Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993) (*Kelly*) ("Section 1983 claims arising in Illinois are governed by a two-year statute of limitations.").

But the parties do not agree on when the statute of limitations began to run on Kainrath's claim. South Stickney argues that the statute began to run on January 14, 2009, when Kainrath received a letter from Wells, giving him notice that his employment was terminated. By contrast, Kainrath argues that the statute began to run on February 12, 2009, when the Board decided his appeal and affirmed his termination.

The well-developed case law supports South Stickney's position. For employment retaliation claims brought pursuant to Section 1983, the Supreme Court has held that the statute of limitations accrues at "the time of the discriminatory act." *Chardon v. Fernandez*, 454 U.S. 6 (1981) (*Chardon*). In *Delaware State College v. Ricks*, 449 U.S. 250 (1980) (*Ricks*), a college professor brought an employment-discrimination claim, pursuant to Title VII and 42 U.S.C. § 1981, based on the college's decision to deny him tenure. The Court held that the statute of

limitations began to run when the plaintiff received notice of the college's final decision and not when he was actually terminated from employment one year later. *Id.* at 261-62.

In *Chardon*, the Court reaffirmed its holding in *Ricks*. A group of non-tenured administrators brought a Section 1983 claim against the Puerto Rico Department of Education, in which they claimed they were fired for political reasons in violation of their First Amendment rights. The Department of Education argued that their claims were barred by the one-year statute of limitations because they filed suit more than one year after they were told of the decision to terminate, but within one year of the time they actually left their jobs. The Court held that the statute of limitations began to run when the employees were told of the decision to terminate their employment, not from when they left their jobs. *See Chardon*, 454 U.S. at 8 ("In *Ricks*, we held that the proper focus is on the time of the discriminatory *act*, not the point at which the consequences of the act became painful."). The Seventh Circuit has "interpreted the *Ricks/Chardon* rule to mean that the statute of limitations runs from the date of notice, not from the date of actual termination." *Kuemmerlein v. Bd. of Educ. of Madison Metro. School Dist.*, 894 F.2d 257, 260 (7th Cir. 1990) (*Kuemmerlein*).

Under the *Ricks/Chardon* rule, Kainrath's claim is barred by the two-year statute of limitations because his claim accrued on January 14, 2009, but he did not file this lawsuit until February 8, 2011.

As the discussion of the case law above demonstrates, Kainrath's position that his claim accrued when the Board rendered its final decision on February 15, 2009, is unavailing. *See id.* 894 F.2d at 260 ("[A] discriminatory act occurs when a potential defendant makes a discriminatory employment decision."). The case upon which Kainrath relies to support his argument, *Brown v. Local 701 of the Int'l Bhd. of Elec. Workers*, 996 F. Supp. 781 (N.D. Ill.

4

1998) (*Brown*), is entirely inapposite. *Brown* specifically addresses accrual of the statute of limitations on a claim for breach of contract of a union's international constitution pursuant to *Woddell v. Int'l Bhd. of Elec. Workers*, 502 U.S. 93 (1991), and breach of the union's duty of fair representation. *Id.* at 785. In *Brown*, the court applied case law governing the six-month statute of limitations applicable to the plaintiff's claims. *Id.* at 788 (applying Seventh Circuit precedent, holding that the "limitations period is tolled while the claimant pursues formal international union remedies.").

Even if Kainrath's claim was timely, he fails to state a claim because he has not sufficiently pled that he was terminated as a result of a protected political association or affiliation. See *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010) ("To establish a *prima facie* case that his First Amendment free-speech rights were violated, [the plaintiff] must first show that he engaged in constitutionally protected speech and that this speech was a motivating factor in his dismissal."); *see also Sarlo v. Wojcik*, No. 08 C 2194, 2010 WL 3824161, at *5 (N.D. Ill. Sept. 23, 2010) (holding that in a First Amendment claim under Section 1983, the plaintiff has to establish that his speech was constitutionally protected); *Ricker v. Fulton Cnty. Soil and Water Conservation Dist.*, 800 F. Supp. 636, 641 (C.D. Ill. 1992) ("Plaintiff must base her First Amendment claim on speech that actually occurred.").

Kainrath has pled only that he was terminated as a result of a political dispute between Wells and Kainrath's father, Frank Kainrath, a building commissioner. (Compl. ¶ 13). Kainrath did not plead that he engaged in political speech which resulted in his termination. Nor did Kainrath plead that the context of the political speech led to his termination. The facts pled by Kainrath fail to establish the possibility that Kainrath engaged in political activity which resulted in his termination. Therefore, because the facts as pled by Kainrath fail to demonstrate that

Kainrath engaged in political activity which led to his termination, as required to establish a First Amendment retaliation claim, Kainrath's First Amendment claim fails.

*Fourteenth Amendment Claim, 42 U.S.C. § 1983 (Count II)*

South Stickney argues that Kainrath's procedural due process and substantive due-process claims under the Fourteenth Amendment are barred by the statute of limitations. Similar to First Amendment claims, procedural due process claims brought under Section 1983 are subject to a two-year statute of limitations. *Manley v. City of Chicago*, 236 F.3d 392, 395 (7th Cir. 2001). A procedural due-process claim accrues when the plaintiff knows or should know that his constitutional rights have been violated. *Woods v. City of Rockford, Ill.*, No. 08-2638, 2010 WL 697352, at *3 (7th Cir. Mar. 1, 2010). Thus, a procedural due-process claim based on a wrongful termination accrues on the date that the individual is terminated. *See Cebuhar v. Dep't of Alcoholism and Substance Abuse*, No. 96 C 7363, 1997 WL 222871, at *4 (N.D. Ill. Apr. 24, 1997) (holding that plaintiff's claim accrued on the date that he was discharged from his position); *Trevathan v. Walker*, No. 06 C 4044, 2006 WL 3420291, at *3 (S.D. Ill. Nov. 27, 2006) (holding that the statute of limitations on plaintiff's claim of a property interest in employment accrued on the date of termination).

Here, the two-year statute of limitations bars Kainrath's claim that his termination violated the Fourteenth Amendment. The analysis of when the statute of limitations was triggered is identical to that of Kainrath's First Amendment claim, discussed above. Therefore, Kainrath's Fourteenth Amendment claim is also time-barred.

Even if Kainrath's Fourteenth Amendment claim was timely, it would fail because he has not sufficiently pleaded that he has a constitutionally protected property interest in his employment. Because Kainrath was employed in Illinois at the time of his termination, this

Court looks to that state's law to determine whether a protected property interest in employment existed. *See Johnson v. City of Fort Wayne, Ind.*, 91 F.3d 922 (7th Cir. 1996).

In Illinois, "a person has property interest in his job only where he has a legitimate expectation of continued employment based on a legitimate claim of entitlement." *Moss v. Martin*, 473F.3d 694, 700 (7th Cir. 2006) (*Moss*). Thus, a plaintiff must reference "a specific ordinance, state law, contract or understanding limiting the ability of the state or state entity to discharge him." *Id.* Kainrath has failed to show that he is legally entitled to employment with South Stickney.

Kainrath's reliance on his bald assertion that he has a property interest in employment with South Stickney is not persuasive. Nor is his reliance on *E&E Constr. Co. v. State of Illinois*, 674 F. Supp. 269, 271 (N.D. Ill. 1987), which is inapposite. In that case, government employees brought a due-process claim against the Illinois Department of Labor because they were terminated without a hearing. *Id.* at 271. The district court held that the employees had a property interest in their employment. *Id.* at 275. But the plaintiffs alleged that an Illinois statute, the Illinois Preference Act, governed their employment rights at issue. *Id.* By contrast, here, Kainrath does not cite to a state statute, contract, or otherwise, that "limit[s] the ability of the state or state entity to discharge him." *Moss*, 473 F.3d at 700.

Absent a property interest in employment, Kainrath's claim that his termination violated his substantive due-process rights is also insufficiently pled. Kainrath's substantive due-process claim is based on South Stickney's alleged arbitrary and capricious termination of his employment. But Kainrath has not pled enough facts to show a property interest in employment. "Employment rights are state-created rights, and a public employee's interest in continued employment does not rise to the level of a 'fundamental' right protected by substantive due

process." *Horstmann v. St. Clair Cnty., Ill.*, No. 07-3190, 2008 WL 420633, at *2 (7th Cir. Sept. 8, 2008).

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss Plaintiff's Count I and Count II [9] is granted.

Date: August 31, 2011

_____
JOHN W. DARRAH
United States District Court Judge