3510-975                                                KM

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **JAMES KAINRATH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:11-cv-00878** |
| | ) | |
| **SOUTH STICKNEY SANITARY** | ) | **Hon. John W. Darrah** |
| **DISTRICT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT SOUTH STICKNEY SANITARY DISTRICT'S
## MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant, SOUTH STICKNEY SANITARY DISTRICT, by and through its attorneys,

Segal McCambridge Singer & Mahoney, Ltd., pursuant to Federal Rule of Civil Procedure 56,

states as follows in support of its Motion for Summary Judgment:

## I.   INTRODUCTION

On January 14, 2009 Plaintiff James Kainrath, a former employee of Defendant South

Stickney Sanitary District ("Defendant" or "South Stickney"), was terminated from his

employment. Plaintiff contends that he was terminated improperly and brings the following four

causes of action against South Stickney: violation of Plaintiff's First Amendment right to

political speech and association, violation of Plaintiff's Fourteenth Amendment right to

substitutive and procedural due process, violation of the Employee Retirement Income Security

Act ("ERISA"), and retaliatory discharge in violation of the Illinois Workers' Compensation Act.

On August 31, 2011, this Court dismissed the first two counts as time barred and

insufficiently pled. Plaintiff's remaining two counts, ERISA violation and state law retaliatory

1

discharge, also fail as a matter of law. Those claims must be dismissed with prejudice for two reasons.

First, Plaintiff's ERISA claim fails as a matter of law because Plaintiff's retirement plan was a government plan and is therefore exempt from ERISA. As such, this Court has no jurisdiction over the ERISA claim and consequently, has no supplemental jurisdiction over Plaintiff's state law retaliatory discharge claim. Second, the evidence of record, even in the light most favorable to Plaintiff, clearly establishes that Plaintiff was terminated for legitimate, non-discriminatory reasons, namely excessive absenteeism and poor job performance. Plaintiff has no evidence to the contrary. South Stickney's Motion for Summary Judgment should be granted.

## II. STATEMENT OF FACTS

Plaintiff was hired as a laborer by South Stickney in around May, 2002. (Def's LR 51.1(a)(3) Statement of Undisputed Facts "SF" ¶ 17.) Plaintiff was terminated on January 14, 2009 for excessive absenteeism and ineffective job performance. (SF ¶ 7.) Plaintiff requested a review hearing from South Stickney. (SF ¶ 8.) That request was granted, a hearing was held on February 5, 2009, and Plaintiff's termination was affirmed by the South Stickney Board of Trustees. (SF ¶ 8, 9.) Plaintiff was represented by attorney Michael Dudek at the review hearing. (SF ¶ 8.)

On February 8, 2011 Plaintiff filed the present lawsuit against South Stickney alleging wrongful termination. (SF ¶ 5.) Plaintiff's Complaint originally asserted four causes of action against South Stickney. (SF ¶ 5.) The first two were dismissed by this Court on August 31, 2011. (SF ¶ 5.) The only causes of action that remain are the third cause of action (ERISA) and the fourth cause of action (retaliatory discharge under Illinois state law). (SF ¶ 5.)

2

In support of his third cause of action for ERISA violation, Plaintiff asserts that South Stickney terminated Plaintiff's employment "in order to deprive him of the full pension benefits to which he otherwise would have been entitled to had he continued in his employment with [South Stickney] for approximately one year and four months longer." (SF ¶ 11.)

In support of his fourth cause of action for retaliatory discharge under Illinois state law, Plaintiff asserts in his Complaint that he was injured on the job on September 25, 2008, that he filed a workers' compensation claim under the Illinois Workers' Compensation Act for that injury, that his workers' compensation claim was pending at the time of his termination, and that his termination "constituted unlawful retaliation and discrimination against him for having asserted his rights under the Illinois Workers' Compensation Act." (SF ¶ 14, 15.)

Plaintiff testified under oath at his deposition on December 8, 2011. (Pl's Dep.) At his deposition, Plaintiff conceded that his job performance at South Stickney was deficient.

Plaintiff also testified at his deposition that prior to being hired at South Stickney, he was told by Superintendent Jeffery Wells that the job required him to be on call after hours for emergency water main breaks. (SF, ¶ 16, 17.) Plaintiff was required to have his pager or phone on him after hours, so that if a call or page came in about an emergency water main break he could answer and come in to work. (SF, ¶ 16, 17.)

Plaintiff testified that while he worked for South Stickney he missed at least five emergency water main break calls. He further testified that over the years of his employment with South Stickney there were multiple occasions that his former crew members tried to reach him for emergency main breaks and they were unable to reach him on his work phone or pager. (SF ¶18.) Plaintiff admitted that on July 12, 2007 he received a warning letter from Jeffery Wells memorializing that he missed an emergency water main break call and explaining that the

3

next time he missed a call he would be suspended. (SF ¶ 18, 19.) Plaintiff admitted that on

February 26, 2008 he received another letter from Jeffery Wells stating that as a result of another

missed emergency call he was being suspended from work for two days. (SF ¶ 19.) Plaintiff also

conceded that his foreman George Antesberger criticized him for repeat absenteeism and told

him to stop being absent from work. (SF ¶ 20.) Finally, Plaintiff agrees that despite being warned

by Jeffery Wells that employees were not to be taking sick days when they were not sick,

Plaintiff used most if not all of his sick days every year while employed for South Stickney,

including for days when he was not sick but just felt like skipping work. (SF ¶ 20.)

At his deposition, Plaintiff also conceded that he has no evidence to establish South

Stickney's discriminatory intent.

Although Plaintiff contends in his Complaint that one of the reasons he was terminated

was to prevent his retirement from vesting, Plaintiff admitted at his deposition that he has no

memos, letters, documents, or any other evidence to support that contention. (SF ¶ 23.) In fact,

Plaintiff testified that he just has a "feeling" that was the reason for his termination. (SF ¶ 23.)

Plaintiff further testified that there is "nothing else" other than the timing of his termination –

one year and four months before Plaintiff believes his retirement vested – to support his claim

that he was terminated in violation of ERISA. (SF ¶ 23.)

Additionally, although Plaintiff contends in his Complaint that he was terminated in

retaliation for filing a workers' compensation claim for his September 25, 2008 injury, Plaintiff

admitted at his deposition that he was given workers' compensation leave for that injury, that his

doctor approved him to return to work and his leave was set to end on December 15, 2008, and

that Plaintiff informed South Stickney on December 12, 2008 that he would not be returning to

work as planned on December 15 because he was in a car accident which required more time

4

away from work. (SF ¶ 24-27.) Plaintiff testified at his deposition that he was terminated because he was "off work too long" for "getting in that car accident." (SF ¶ 27.)

Plaintiff was not terminated in order to prevent his retirement from vesting. (SF ¶ 7.) Plaintiff was not terminated in retaliation for filing a workers' compensation claim. (SF ¶ 7.)

## III. ARGUMENT

### A. LEGAL STANDARD FOR SUMMARY JUDGMENT

Under Rule 56, "[a] court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In ruling on a motion for summary judgment, although a court must view all evidence in the light most favorable to the non-moving party, the non-moving party must present more than a "metaphysical doubt as to the material facts" to survive summary judgment. *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The mere existence of "some alleged factual dispute…over irrelevant or unnecessary facts" will, therefore, not defeat a properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Instead, the non-moving party must identify genuine disputes over specific facts that might affect the outcome of the lawsuit, and establish that there is a genuine triable issue to preclude the entry of summary judgment. *Id.*; *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001).

### B. PLAINTIFF HAS FAILED TO STATE A CLAIM FOR RELIEF UNDER ERISA.

*South Stickney's Pension Plan is a Government Plan Exempt from ERISA*

5

Plaintiff's ERISA claim fails as a matter of law because ERISA does not apply to state and local government pension plans, such as Plaintiff's pension plan through the Illinois Municipal Retirement Fund ("IMRF").

Plaintiff asserts in the Complaint that by terminating Plaintiff's employment for the purpose of depriving him of full pension benefits, South Stickney violated the prohibition in ERISA, 29 U.S.C. § 1140, against interfering with rights protected by ERISA. (SF ¶ 12.) "ERISA is a comprehensive legislation with a purpose to protect the interests of participants in employee benefit plans." *Krystyniak v. Lake Zurich Community Unit District*, 783 F. Supp. 354, 355 (N.D. Ill. 1991) (citing 29 U.S.C. § 1001(b)). "A governmental plan, however, is exempted from ERISA regulation." *Id.*; 29 U.S.C. § 1003(b). ERISA defines a governmental plan as "a plan established or maintained for its employees by the government of any State or political subdivision thereof, or by an agency or instrumentality of any of the foregoing." *Id.* (*citing* 29 U.S.C. § 1002(32) (holding that Lake Zurich school district's employee health plan was exempt from ERISA under the governmental plan exemption and therefore dismissing the case for lack of subject matter jurisdiction). "By exempting government plans from coverage under ERISA, Congress intended to refrain from interfering with the manner in which state and local governments operate employee benefit plans." *Fellion v. Illinois State Toll Highway Authority*, 1992 WL 159437 at *3 (N.D. Ill. 1992) (holding that the Illinois State Toll Highway Authority Pension Plan was a government plan and thus exempt from ERISA, dismissing ERISA claim and dismissing the case for lack of subject matter jurisdiction).

Plaintiff's retirement plan is a "government plan" as referred to in 29 U.S.C. §§ 1001 et seq., and as defined by 29 U.S.C. §1003 (32) because it is a plan established or maintained for its employees by the political subdivision of the State of Illinois, South Stickney Sanitary District.

6

(SF ¶13.) As such, it is exempt from ERISA and Plaintiff's ERISA claim must be dismissed with prejudice. Further, because this Court's federal question jurisdiction is based on Plaintiff's ERISA claim, Plaintiff's entire case must be dismissed for lack of subject matter jurisdiction. *Krystyniak*, 783 F. Supp. at 355.

### South Stickney Terminated Plaintiff for Legitimate Non-Discriminatory Reasons

Not only is Plaintiff's ERISA claim subject to dismissal as a matter of law because his governmental retirement plan is exempt, it is also subject to dismissal with prejudice because even viewing the facts in the light most favorable to Plaintiff, Plaintiff cannot state a claim under ERISA.

Plaintiff alleges that in violation of ERISA § 1140 he was fired for the purpose of depriving him of full pension benefits. ERISA section 1140 provides: "It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan. . ." 29 U.S.C. § 1140.

To prove a violation of ERISA's retaliation provision, terminated employees must establish more than loss of benefits; they must demonstrate that their employers terminated them with <u>specific intent</u> of preventing or retaliating for use of benefits. *Lindemann v. Mobil Oil Corp.*, 940 F. Supp. 189, 193 (N.D. Ill. 1996). This is because ERISA was meant to protect against "adverse action by an employer that is motivated by a desire to diminish the costs of its benefits plans by preventing or retaliating for use of such plans." *Id.* Facts such as evidence of an "internal memo expressing concern over rising health insurance costs and manager's knowledge that employee's wife had cancer" are the type of facts that can create an inference of

7

impermissible economic motivation to interfere with an employee's benefits. *Id.* (*citing*

*Flanagan v. Hunter Automated Mach. Corp.,* 1995 WL 144548 at *7) (N.D. Ill. 1995)).

It is not enough to show that a loss of rights under the benefit plan is a consequence of

termination; Plaintiff must show loss of benefits was a <u>motivating factor</u> behind employee's

termination. *Id.* Once the defendant offers evidence of a legitimate and non-discriminatory

reason for the adverse employment action, the burden shifts to the plaintiff to show that the

defendant's proffered reason was a pretext. *Grrottkau v. Sky Climber, Inc.* 79 F.3d 70 (7th Circ.

1996) (summary judgment affirmed in ERISA claim, reason for termination was legitimate and

non-discriminatory). Absent direct evidence showing discriminatory intent or circumstantial

evidence showing a pattern of discrimination, the employer will likely prevail on summary

judgment. *Id.*; *see also Isabell v. Allstate Insurance Co.,* 418 F. 3d (7th Circ. 2005) ("The plaintiff

must ultimately show that a desire to frustrate the attainment or enjoyment of benefit rights

contributed toward the employer's decision and can avoid summary judgment only if the

materials properly before the district court, construed sympathetically, allow for such a

conclusion;" holding employer's legitimate non discriminatory reason precluded plaintiff's

ERISA claim).

Here, Plaintiff cannot produce <u>any</u> evidence that South Stickney terminated his

employment in order to deprive him of his retirement benefits. To the contrary, the evidence is

clear that South Stickney terminated Plaintiff due to excessive absenteeism and sub standard job

performance. (SF ¶ 7.) Plaintiff admitted at his deposition that he missed multiple emergency

main break calls, which was an explicit condition of his employment and a job requirement. (SF

¶ 17, 19.) Plaintiff admitted he was warned, criticized, and disciplined for absenteeism by

Superintendent Jeffery Wells and foreman George Antesberger. (SF ¶ 19, 20.) South Stickney

has only two four man crews and the crews take turns being on call for emergency main breaks.
Four men are required for the job and Plaintiff's repeated missing of emergency main breaks was
a legitimate reason to terminate Plaintiff. (SF ¶ 17.) Further, Plaintiff repeatedly took sick days
when he was not sick, despite warnings from Jeffery Wells not to do so. (SF ¶ 21.) Three days
before Plaintiff was set to return to work following a three month workers' compensation leave,
Plaintiff was involved in a car accident which required him to take further additional time off for
at least six weeks. (SF ¶ 26.) South Stickney simply cannot handle such a crew shortage. (SF ¶
17.)

Further, Plaintiff's termination letter and the Executive Committee meeting minutes
confirm that the reasons for termination were excessive absenteeism and substandard job
performance. (SF ¶ 7.)

Notably, absenteeism alone is established in the case law as a legitimate, non-
discriminatory reason for termination. *Lindemann,* 940 F. Supp. at 193. This includes protected
absences taken such as sick leave and disability, as long as the reason for termination is the
"absence" and not the desire to preclude the plaintiff from obtaining the benefit. *Id.* This is
because absence, even for sick leave, can have a negative impact on an employer's business, and
thus, provides an employer with a legitimate motive for termination. *Id.* at 193-194. Plaintiff
must show that termination was <u>specifically motivated</u> by a desire to diminish the costs of its
benefits plans by preventing the use of the plan. *Id.* (summary judgment granted, employers
proffered reason for termination – absenteeism – was legitimate non-discriminatory reason, even
though absences involved the use of approved short term disability benefits).

Plaintiff claims that the timing of his termination, one year and four months before his
retirement allegedly would vest, suggests improper motive. (SF ¶ 11, 23.) Plaintiff however has

9

not established that South Stickney knew when Plaintiff's retirement would vest. (SF ¶ 22.) In fact, South Stickney had no knowledge of when Plaintiff or any other employee's retirement would vest. (SF ¶ 22.) Further, since this is a state retirement program with a standard contribution rate, South Stickney's financial contribution to the retirement plan was not affected by Plaintiff's termination. (SF ¶ 22.)

Ultimately, even with the facts viewed in the light most favorable to Plaintiff, based on Plaintiff's own deposition testimony, Plaintiff cannot meet his burden to establish that South Stickney's proffered reason for termination was a pretext for discrimination under ERISA. For this reason, Plaintiff's ERISA claim must be dismissed, with prejudice.[1]

### C. PLAINTIFF HAS FAILED TO STATE A CLAIM FOR RETALIATORY DISCHARGE UNDER ILLINOIS LAW.

Plaintiff alleges that he was injured on the job on September 25, 2008 as a result of a "horseplay" incident and that he filed a workers' compensation claim under the Illinois Workers' Compensation Act. (SF ¶ 14.) He further argues that he was terminated in retaliation for asserting his rights under the Illinois Workers' Compensation Act a few months later. (SF ¶ 15.)

Under Illinois law, a claim for retaliatory discharge in workers' compensation context requires showing that: (1) plaintiff was an employee before his injury; (2) plaintiff exercised a right granted by the Workers' Compensation Act; and (3) plaintiff was discharged with a causal connection to his filing the workers' compensation claim. *Carter v. Tennant Co.,* 383 F.3d 673, 677 (7th Circ. 2004). Notably, "the element of causation is not met if the employer has a valid basis, which is not pretextual, for discharging the employee." *Id.* It is the Plaintiff's burden to

---

[1] As discussed *Supra,* if this Court dismisses the ERISA claim for any of the above reasons, this Court will lose subject matter jurisdiction over this case, and therefore, must also dismiss Plaintiff's remaining state law retaliation claim.

show that an employer's proffered reason for termination is a pretext for unlawful discrimination. *Id.* (summary judgment granted on plaintiff's retaliation claim under the Illinois Workers' Compensation Act; employer's proffered reason for termination was valid and not pretextual).

Here, as discussed at length above, the evidence clearly establishes that Plaintiff was terminated for a legitimate reason. Plaintiff cannot establish that he was terminated in retaliation for filing the September 25, 2008 workers' compensation claim. The workers' compensation claim was resolved by the time Plaintiff was terminated. Plaintiff was cleared to go back to work on December 15, 2008. Plaintiff was not terminated until January 14, 2009. Plaintiff was terminated because he had a history of excessive absenteeism and substandard job performance and was planning to be absent for at least another six weeks due to a non-work related car accident. As a result, Plaintiff's state law retaliation claim must be dismissed, with prejudice.

## IV. CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant SOUTH STICKNEY SANITARY DISTRICT, respectfully requests this court grant its Motion for Summary Judgment, dismiss Plaintiff's remaining two claims with prejudice, and grant any other relief that is just.

**Dated: April 18, 2012**

Respectfully submitted,

SEGAL McCAMBRIDGE SINGER & MAHONEY

By:*/s/ Kathleen McDonough*
Attorney for Defendant,
**SOUTH STICKNEY SANITARY DISTRICT**

Kathleen McDonough, Esq. *(ARDC #06229813)*
Rebecca Letourneaux, Esq. *(ARDC #6299721)*
SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.
Willis Tower, 233 South Wacker Drive, Suite 5500
Chicago, Illinois 60606
Tel: (312) 645-7800
Fax: (312) 645-7711
2660569_1