Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11-cv-878 | **DATE** | 9/19/12 |
| **CASE TITLE** | Kainrath v. South Stickney Sanitary District | | |

**DOCKET ENTRY TEXT**

Defendant's Motion for Summary Judgment is granted as to Count III with prejudice. As the only count giving rise to federal jurisdiction is dismissed, the Court relinquishes jurisdiction over Plaintiff's state-law claim. Count IV is dismissed without prejudice. Plaintiff's Complaint is dismissed, and this case is hereby terminated.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Before the Court is Defendant South Stickney Sanitary District's ("SSSD") Motion for Summary Judgment as to Counts III and IV. Plaintiff, James Kainrath, filed a Complaint against SSSD, pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging violations of his rights under the First Amendment (Count I), Fourteenth Amendment (Count II), the Employee Retirement Income Security Act (Count III), and the Illinois Workers' Compensation Act (Count IV). The Court granted SSSD's Motion to Dismiss Counts I and II as time barred. (Dkt. No. 15.)

Plaintiff has failed to respond to SSSD's Local Rule 56.1(a) statement of facts. Local Rule 56.1(a)(3) requires the party moving for summary judgment to provide "a statement of material facts as to which the moving party contends there is no genuine issue." Local Rule 56.1(b)(3) provides that a party opposing summary judgment "shall serve and file . . . a concise response to the movant's statement that shall contain . . . a response to each numbered paragraph in the moving party's statement, including, in the case of disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." A failure to respond to an opponent's statement of facts will result in those facts being deemed admitted for purposes of summary judgment. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003); *see also Jupiter Alum. Corp. v. Home Ins. Co.*, 225 F.3d 868 (7th Cir. 2000) ("An answer that does not deny the allegations in the numbered paragraph with citations to supporting evidence in the record constitutes an admission."). Accordingly, all facts set forth in SSSD's statement of facts are deemed admitted for the purposes of summary judgment.

The following facts taken from SSSD's statements of material facts are, in relevant part, as follows. Plaintiff was hired as a laborer by SSSD in May 2002. (Def.'s 56.1(a)(3) ¶ 6.) Plaintiff's employment was terminated on January 14, 2009, via written letter from Superintendent of SSSD, Jeffery Wells. (*Id.* ¶ 7.) Plaintiff was terminated for "excessive absenteeism," which made him "ineffective and negligent in the performance of his duties." (*Id.*) Plaintiff alleges that he was terminated in order to prevent his retirement from vesting and in retaliation for filing a workers' compensation claim.

SSSD's retirement pension plan is a plan established or maintained for its employees by the political subdivision of the State of Illinois, South Stickney Sanitary District. (*Id.* ¶ 13.) Plaintiff testified that, while he was on duty for emergency calls, he missed at least five emergency calls from 2002 to 2008. (*Id.* ¶ 18.) Plaintiff further testified there were multiple occasions that his former crew members were unable to reach Plaintiff on his work phone or pager for emergency main breaks. (*Id.*) Before he was fired, Plaintiff was suspended for two days for missing emergency calls. (*Id.* ¶ 19.) At the time of Plaintiff's termination, Wells had no knowledge that Plaintiff's retirement would vest under his pension plan. (*Id.* ¶ 22.) Apart from having a "feeling" as to his claim, Plaintiff admits that he has no memos, letters, documents, or other evidence to support his claim. (*Id.* ¶ 23.)

Plaintiff was injured on the job on September 25, 2008, when Plaintiff and another employee, Gary Peters, were "joking around" and Peters kicked Plaintiff in the back and Plaintiff fractured his rib. (*Id.* ¶ 24.) Due to the injury, Plaintiff did not go to work for about three months, from September 25, 2008 to December 15, 2008, during which time he was covered by workers' compensation. (*Id.* ¶ 25.) Therefore, Plaintiff's workers' compensation claim was resolved at the time of his termination on January 14, 2009.

SSSD argues that Plaintiff has failed to state a claim under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"), because SSSD's pension plan is a government plan, which is exempt from ERISA. Plaintiff alleges that "by terminating [Plaintiff's] employment for the purposes of depriving [Plaintiff] of full pension benefits, SSSD violated the prohibition in ERISA, in 29 U.S.C. § 1140, against interfering with rights protected by ERISA." (Compl. ¶ 31.) The ERISA statute provides: "The provisions of this subchapter shall not apply to any employee benefit plan if – (1) such plan is a governmental plan (as defined in section 1002(32) of this title)." 29 U.S.C. § 1003(b)(1). Section 1002 defines a governmental plan as a "plan established or maintained for its employees by the Government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing." 29 U.S.C. § 1002(32); *see Board of Trs. v. First Nat'l Bank of Chicago*, No. 90 C 4862, 1991 WL 156656, at *3 (N.D. Ill. May 16, 1991) ("Congress intended to refrain from interfering with the manner in which state and local governments operate employee benefit systems.") (internal quotation omitted).

Plaintiff does not contest that SSSD's pension plan is a "governmental plan" under ERISA because it is a plan established or maintained for its employees by SSSD, a political subdivision of the State of Illinois. Accordingly, because the pension plan is exempt from ERISA, Plaintiff's ERISA claim must be dismissed with prejudice. *Cf. Fellion v. Ill. State Toll Highway Auth.*, No. 91-cv-7887, 1992 WL 159437, at *3 (N.D. Ill. July 1, 1992) (dismissing complaint for lack of subject-matter jurisdiction because Illinois State Toll Highway Authority Pension Plan was a government plan and thus exempted from ERISA).

Plaintiff's remaining claim is a state-law claim for retaliatory discharge under Illinois law. "'[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits.'" *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727 (7th Cir. 1998) (quoting *Wright v. Assoc. Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994)). Consequently, because the only claim in Plaintiff's Complaint arising under federal law is dismissed with prejudice, the Court exercises its discretion to decline supplemental jurisdiction over the remaining state-law claim. 28 U.S.C. § 1367(c)(3). *Al's Serv. Center v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010) ("When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claim.").

Plaintiff has submitted an affidavit, stating that he requires the deposition of several individuals before he can effectively respond to Defendant's Motion for Summary Judgment. (Resp. ¶¶ 9-13.) Rule 56(d) governs situations where the nonmovant asserts that further discovery is needed to respond to a pending summary judgment motion. In this case, however, the central issue is whether the SSSD plan is a government plan, which is exempt from ERISA. Plaintiff has not demonstrated that any discovery will enable Plaintiff to

| STATEMENT |
|---|

contest that the SSSD plan is a government plan. Plaintiff seeks depositions of certain individuals to ascertain facts regarding Plaintiff's *termination*. For example, Plaintiff avers:

> I require the ability to take depositions of Superintendent Jeff Wells to ascertain what facts, documents, conversations[,] and the like he had available to him prior to making the determination to terminate my employment and which facts are essential to justify my opposition to SSSD's Motion for Summary Judgment.

This discovery, however, is only relevant towards his state-law retaliatory discharge claim, over which the Court declines to assert supplemental jurisdiction.

For the reasons set forth above, SSSD's Motion for Summary Judgment is granted as to Count III with prejudice. As the only count giving rise to federal jurisdiction is dismissed, the Court relinquishes jurisdiction over Plaintiff's state-law claim. Count IV is dismissed without prejudice. Plaintiff's Complaint is dismissed, and this case is hereby terminated.